*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 19, 2025
10:24 AM

Plaintiff-Appellee/Cross-Appellant,

v

No. 366734
Oakland Circuit Court
LC No. 2021-278163-FH

DANA TRAMAYNE THOMAS,

Defendant-Appellant/Cross-Appellee.

Before: ACKERMAN, P.J., and BORRELLO and LETICA, JJ.

PER CURIAM.

Defendant appeals as of right his conviction of assault with intent to do great bodily harm less than murder, MCL 750.84, for which he was sentenced as a fourth-offense habitual offender, MCL 769.12, to 25 to 60 years' imprisonment. During the pendency of defendant's appeal, we granted his motion to remand to the trial court to conduct a *Ginther*[1] hearing pertaining to his assertion of ineffective assistance of counsel.[2] Following the remand proceedings, the trial court vacated defendant's conviction, a decision that the prosecution now contests on cross-appeal. For the reasons set forth in this opinion, we affirm the trial court's ruling.

## I. BACKGROUND

This case arises out of an altercation between defendant and Jeffrey Ellwanger on May 16, 2021, in Pontiac, Michigan. Defendant was accused of hitting Ellwanger with a nightstick 7 to 10 times. Defendant was originally charged with felonious assault, and the prosecution filed a notice of intent to seek sentence enhancement as a fourth-offense habitual offender with a maximum penalty of 15 years' imprisonment. After waiving preliminary examination on the felonious

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] *People v Thomas*, unpublished order of the Court of Appeals, entered July 10, 2024 (Docket No. 366734).

assault charge and several pretrial hearings, the prosecution filed an amended general information charging defendant with assault with intent to do great bodily harm less than murder. The prosecution also filed a notice to seek enhancement of a defendant's sentence as a fourth-offense habitual offender with a 25-year mandatory minimum sentence.

At a jury trial, defendant was found guilty of assault with intent to do great bodily harm less than murder and sentenced to 25 to 60 years' imprisonment. Defendant filed an appeal based on ineffective assistance of counsel. At the *Ginther* hearing, the assistant prosecutor assigned to the case testified that he informed defendant's trial counsel several times that if defendant did not plead to the felonious assault charge, he intended to increase the charges. Defendant's trial counsel testified that he did not inform defendant of the prosecutor's intention to seek the increased charges, but informed defendant of his opinion that the case was undercharged. Defendant testified that he did not know that the prosecution intended to seek increased charges if he did not plead to the felonious assault charge. Following the *Ginther* hearing, the trial court found defendant's trial "counsel ineffective due to his failure to inform the [d]efendant of the consequences of choosing not to plead guilty to the original charge of felonious assault." The court vacated defendant's conviction and reinstated the "original charge of felonious assault, habitual fourth, for Defendant to consider pleading guilty as originally charged." The prosecution now cross-appeals.

## II. ANALYSIS

In its appeal, the prosecution contends that the trial court erred in finding that trial counsel failed to inform defendant of the potential elevation of charges should he choose not to accept a plea to the original charges. The prosecution further argues that even if trial counsel did not communicate the prosecutor's intentions, because defendant has not established that he would have accepted the plea offer or that there exists a reasonable probability that such an offer would have been presented to the court, defendant cannot demonstrate prejudice.

Defendant argues that the trial court appropriately vacated his conviction, citing evidence that trial counsel did not adequately inform him of the ramifications associated with declining to plead guilty to the original felonious assault charge. Defendant asserts that trial counsel had a duty to advise him that failure to plead to the original charge could lead to the prosecutor filing more severe charges. This omission, according to defendant, constituted a failure to meet the objective standard of reasonableness, consequently impairing his ability to make an informed and voluntary decision regarding the plea and leaving him unaware of the full repercussions of his choice.

"A claim of ineffective assistance of counsel presents a mixed question of fact and constitutional law." *People v Isrow*, 339 Mich App 522, 531; 984 NW2d 528 (2021) (quotation marks and citation omitted). "All findings of fact are reviewed for clear error, while the legal questions are reviewed de novo." *Id.* (quotation marks and citation omitted). "When the reviewing court is left with a definite and firm conviction that the trial court made a mistake, there is clear error." *Id.*, quoting *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014) (quotation marks omitted). An appellate court must also give deference to the "special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *People v Johnson*, 502 Mich 541, 565; 918 NW2d 676 (2018), quoting MCR 2.613(C). De novo review means that this Court must "review the issues independently, with no required deference to the trial court." *People v Beck*, 504 Mich 605, 618; 939 NW2d 213 (2019).

A criminal defendant has a right to a fair trial, and therefore effective assistance of counsel. *Isrow*, 339 Mich App at 531, citing US Const, Am VI, and Const 1963, art 1, § 17. "As at trial, a defendant is entitled to the effective assistance of counsel in the plea-bargaining process." *Douglas*, 496 Mich at 591-592. "To establish ineffective assistance of counsel, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *People v Shaw*, 315 Mich App 668, 672; 892 NW2d 15 (2016), citing *Strickland v Washington*, 466 US 668, 687-688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 US at 694.

To demonstrate prejudice from counsel's ineffectiveness that results in a defendant's decision to reject a plea offer and stand trial, "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that," (1) "the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Douglas*, 496 Mich at 592, quoting *Lafler v Cooper*, 566 US 156, 164; 132 S Ct 1376; 182 L Ed 2d 398 (2012).

The prosecution contends that the trial court erred in its determination that defendant was not adequately informed of the prosecution's intention to escalate charges should he decline to plead to the felonious assault charge. There are some contradictions within the record as to what was discussed between the prosecutor and defense counsel. However, the record is clear that trial counsel failed to convey the critical information regarding the prosecutor's intent to seek more severe charges should defendant not plead to the original felonious assault charge. This finding by the trial court is buttressed by the fact that defendant testified that he was not aware of the 25-year mandatory minimum sentence enhancement until the preliminary examination for the increased charge.

In contrast, the assistant prosecutor's testimony indicated that trial counsel had informed him of defendant's decision to reject the plea offer. However, the trial court deemed trial counsel's failure to adequately inform the defendant about the potential consequences of declining the guilty plea for the original felonious assault charge as particularly significant. By integrating the assistant prosecutor's assertions regarding repeated notifications to trial counsel concerning the intent to pursue enhanced charges, the trial court established a sufficient basis to conclude that trial counsel was aware of the prosecution's intentions yet failed to effectively communicate this critical information to the defendant.

In matters of witness credibility, this Court must defer to the trial court's assessments. *Johnson*, 502 Mich at 565; MCR 2.613(C). The trial court deemed the testimonies of both trial counsel and defendant credible, ultimately determining that defendant was not apprised of the prosecution's stance. Given that the trial court's findings are substantiated by the record, they do not rise to the level of clear error.

The prosecution further contends that defendant has not met the prejudice prong of the *Strickland* test. It asserts that defendant has failed to demonstrate a plausible likelihood of accepting the plea offer or that the trial court would have approved such a plea due to defendant's consistent assertion of innocence throughout the proceedings. According to the prosecution, for defendant to now claim a willingness to accept a plea would amount to an admission of perjury. However, the prosecution's argument fails to consider that this Court has held that a defendant who maintains innocence at trial is not foreclosed from claiming ineffective assistance of counsel based on trial counsel's failure to inform defendant of a plea offer. See *People v Walker (On Remand)*, 328 Mich App 429; 938 NW2d 31 (2019). In *Walker*, a defendant challenged his jury trial convictions claiming that he received ineffective assistance of counsel because his counsel failed to inform him of a plea offer. *Id*. at 434. Despite the defendant's testimony at the jury trial and *Ginther* hearing that he was innocent and not present at the scene of the shooting, the defendant testified that he would have pleaded guilty if his trial counsel would have conveyed the prosecution's offer to him. *People v Walker*, unpublished per curiam opinion of the Court of Appeals, issued October 12, 2017 (Docket No. 332491), p 5, rev'd 503 Mich 908 (2018). The trial court granted the defendant's motion for relief from judgment. *Walker*, 328 Mich App at 434. On appeal, this Court initially found that the trial court erred in finding a reasonable probability that the defendant would have accepted the plea offer. *Id*. at 435. However, our Supreme Court reversed this Court's decision and held that the trial court did not clearly err in finding a reasonable probability that the defendant would have accepted the plea offer. *Id*., citing *People v Walker*, 503 Mich 908, 908 (2018). On remand, this Court affirmed the trial court's grant of relief to defendant. Hence, a defendant may raise the argument that he would have entered a plea of guilty but for the ineffective assistance of his counsel, notwithstanding his declaration of innocence. *Id.*

In *People v White*, 331 Mich App 144, 150; 951 NW2d 106 (2020), the defendant argued that he was denied his right to effective assistance of counsel because he was misadvised whether to reject the prosecution's plea offer. This Court found that the trial court did not clearly err in determining that the "defendant was disinclined to plead guilty to a felony [the defendant] maintained he did not commit." *Id*. at 154. The trial court had concluded the defendant did not meet his burden of establishing that he would have accepted the prosecution's plea. *Id*. at 154-155. This Court found that it was unclear whether the trial court could have established a factual basis for a guilty plea because "[i]f defendant truly had not committed (or truly believed he had not committed) any of the crimes to which he allegedly confessed, then entering a guilty plea would have entailed committing perjury." *Id*. at 153-155. In *White*, this Court explicitly distinguished the facts from *Walker* because "[i]n *Walker*, the defendant's trial counsel did not even inform the defendant of a plea offer." *Id*. at 149 n 4, citing *Walker*, 328 Mich App at 432.

Here, the trial court implicitly determined that the prejudice prong of *Strickland* was satisfied by its citations to supporting evidence within the record. For example, defendant testified, "I tried to plead guilty and I asked [trial counsel] for some type of resolution from the prosecutor, like a lower charge or some probation or some county time." He further stated, "I would have pled guilty had I known that something was being worked out." When questioned on the rationale for pleading guilty if he did not commit a crime, defendant responded, "Because I knew that something—because I knew something happened. I knew the something, something prior to. I was being blamed for something."

The prosecution contends that defendant's statements reflect an unwillingness to plead unless offered additional concessions. However, defendant's testimony can also be reasonably construed as indicating a willingness to accept a plea if he had been informed of the prosecutor's intention to escalate the charges. An agreement to refrain from pursuing a higher charge contingent on a guilty plea could be perceived as a significant benefit. Additionally, this case is analogous to *Walker* and distinguishable from *White* in that the defendant was not made aware of the plea offer. Here, the assistant prosecutor testified that if defendant did not plead guilty to the original charge, he would enhance the charges against defendant. As noted, trial counsel did not convey this to defendant because, "[he] can't predict the future."

In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different. *People v Armstrong,* 490 Mich 281, 289-290; 806 NW2d 676 (2011); see also, *People v. Pickens,* 446 Mich 298, 521 NW2d 797 (1994) (adopting the federal constitutional standard for an ineffective-assistance-of-counsel claim as set forth in *Strickland* ). Courts of this State have long held that failure to convey a plea offer or provide accurate advice regarding its consequences can constitute ineffective assistance of counsel if the defendant can demonstrate both deficient performance and prejudice under the *Strickland* test. See *People v Williams*, 171 Mich App 234, 241; 429 NW2d 649 (1988) ("[W]e agree with the many courts which have held that an attorney's failure to advise his client of a plea bargain offer may be ineffective assistance of counsel."). Generally, we require defendants to show that the plea offer would have been accepted and resulted in a less severe sentence than the one ultimately imposed. *Id*. at 242; *Douglas*, 496 Mich at 595; *White*, 331 Mich App at 150.

Here, the assistant prosecuting attorney indicated that he repeatedly communicated to trial counsel his intention to enhance the charges against defendant unless a plea was entered for the original felonious assault charges. Trial counsel, however, failed to relay this critical information to defendant, justifying his inaction by stating that he "can't predict the future." Based on this record, the trial court concluded that trial counsel's failure to inform the defendant of the prosecution's intent to pursue increased charges fell below an objective standard of reasonableness, leading to its conclusion that failure to properly advise defendant of the prosecution's plans to enhance the charges against him constituted ineffective assistance of counsel.

It is undisputed that accepting a plea to the original charges would have likely resulted in a more lenient sentence than what the defendant ultimately faced. Moreover, contrary to the prosecution's assertions on appeal, defendant testified that he would have accepted a plea deal for the original charges had he been adequately informed of the potential consequences. Consequently, the trial court found that the defendant was not informed of the ramifications of rejecting the plea offer and that he sufficiently demonstrated prejudice stemming from trial counsel's ineffective assistance.

Following our review of the record, we find no error, much less reversible error, in this assessment. Thus, we affirm the trial court's decision to vacate defendant's convictions and

reinstate the original charge of felonious assault, habitual fourth, allowing the defendant to reconsider pleading guilty as initially charged.

As for defendant's appeal, which involved his claim of ineffective assistance of counsel that related to jury instructions, we decline to consider it because it is now moot. "An issue is moot when an event occurs that renders it impossible for the reviewing court to fashion a remedy to the controversy." *People v Thue*, 336 Mich App 35, 39; 969 NW2d 346 (2021) (quotation marks and citation omitted). We will generally "not decide moot issues." *Id*. Defendant's remaining issue brought on appeal is moot because defendant has already obtained the remedy to his stated issue—his conviction has been vacated. *Id*.

Affirmed in part, dismissed in part, and remanded for further proceedings. We do not retain jurisdiction.

/s/ Matthew S. Ackerman
/s/ Stephen L. Borrello
/s/ Anica Letica